### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARGARET SICKMAN** <br> Plaintiff, <br><br> v. <br><br> **FLOWER FOODS/TASTY BAKING COMPANY**, <br> Defendant. | **CIVIL ACTION NO.** <br> **2:19-cv-06137-MMB** |

**Baylson, J.**  **MEMORANDUM**  October 5, 2021

### I. INTRODUCTION

The matter before the Court is Plaintiff Margaret Sickman's ("Plaintiff") Motion for Relief from a Final Order Pursuant to FED. R. CIV. P. 60(b)(6). For the reasons that follow, Plaintiff's motion is DENIED.

### II. PROCEDURAL HISTORY

Plaintiff filed a Motion for Relief from a Final Order Pursuant to FED. R. CIV. P. 60(b)(6). (the "Motion," ECF 15.) On March 9, 2020, this Court entered an order dismissing this action with prejudice because the parties informed the Court of their successful settlement. (the "Order," ECF 14.) Now, Plaintiff moves to vacate the Order pursuant to Rule 60(b)(6) because "there was no meeting of the minds in terms of a settlement despite both parties, believing in good faith, that there was an agreement to all material terms of the settlement agreement." (ECF 15.) Defendant filed its Response in Opposition to Plaintiff's Motion for Relief from a Final Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) on August 18, 2021. (ECF 16.) Plaintiff did not file a reply in support of her Motion.

### III. FACTUAL HISTORY

1

Plaintiff initiated this action against Defendant on December 4, 2019, alleging Defendant negligently violated a fiduciary duty owed to Plaintiff in connection with her late husband's retirement plan. (ECF 15 at 1–2.)

Before March 6, 2020, Defense counsel conveyed a settlement offer to Plaintiff's counsel to which Plaintiff's counsel responded on March 9, 2020, "Hi Clark, She [plaintiff] just told me she will accept. Please confirm. Thanks. Dave." (ECF 16 Ex. A.) Defense counsel promptly responded, "This confirms Defendant's offer and Plaintiff's acceptance of $5,000 to resolve this matter. We will prepare a settlement agreement and notify the Court." (ECF 16 Ex. A.) Plaintiff's counsel responded, "Thx" the same day. (ECF 16 Ex. A.)

Following the parties' settlement, but before a settlement agreement was executed, the parties notified the Court of their settlement. (ECF 16 at 3; see also ECF 16 Ex. A; ECF 15 at 2.) On March 9, 2020, Defense counsel informed the Court the "matter has been amicably resolved" and the parties sought dismissal of the action "pursuant to Local Rule 41.1(b)." (ECF 16 Ex. B.) Although Defense counsel took the lead in drafting the notification letter to the Court, Plaintiff's counsel assented to Defense counsel's notification and was copied on the letter ultimately sent. (ECF 16 Ex. A; ECF 16 Ex. B.)

On May 6, 2020, Defense counsel e-mailed Plaintiff's counsel a proposed draft settlement agreement that included, among other provisions, a release of claims provision entitled "Unknown Claims." (See ECF 16 Ex. D, Section 5 "Unknown Claims".) The Unknown Claims section provides,

> The parties covenant and agree that the above releases include unknown and unsuspected claims, demands, and causes of action, if any, and acknowledge that they may hereafter discover claims or facts in addition to, or different from, those which they now know or believe to exist, which, if known or suspected at the time of executing this Agreement, may have materially affected this Agreement.

> Nevertheless, the parties waive any right, claim, or cause of action that might arise as a result of such additional or different claims or facts.

(ECF 16 Ex. D, Section 5.) Later that day, Plaintiff's counsel's office manager provided a proposed breakdown for the $5,000 settlement payment to Defense counsel. (ECF 16 at Ex. E.)

On May 8, 2020, Defense counsel e-mailed a revised settlement agreement to Plaintiff's counsel. (ECF 16 Ex. F.) Notably, Section 5 "Unknown Claims" remained identical to the May 6th draft's "Unknown Claims" provision. (Compare ECF 16 Ex. D with ECF 16 Ex. F.)

On September 17, 2020, Plaintiff's counsel sent a letter to Defense counsel stating in relevant part:

> As you know, we filed a lawsuit on my client's behalf. The parties agreed to a settlement of $5,000. Your office drafted a release and forwarded it to me. It includes a release of any and all claims. I have presented it to my client; and the reason she is not signing it is because there is another settlement agreement that she had received prior to instituting the current lawsuit. . . . In [the other settlement agreement] there was a request for a release to be signed by [Plaintiff] in exchange for $24,693.55. My client was agreeable to a settlement for that particular matter for that particular amount, but could not sign that document at the time because she intended to pursue the matter that my office filed on her behalf, and was not prepared to release that claim at that time.
>
> Now that we have litigated the matter for which she retained me, she is ready to sign a full release. However, she would like both matters to be incorporated into one agreement so that [she receives a total of $29,693.55 for both claims.]

(ECF 16 Ex. G.)

## IV. LEGAL STANDARD

Rule 60(b)(6) authorizes this Court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). "To justify relief under 60(b)(6), the party must show extraordinary circumstances suggesting that the party is faultless in the delay." Pioneer Inv. Servs. Co., v. Brunswick Assoc. Ltd. P'ship., 507 U.S. 380, 393 (1993). The moving party has the burden of showing that absent 60(b)(6) relief, an "extreme" and "unexpected" hardship will result. Stitzel v. Guarini, 2006 WL 1805972, at *7 (E.D. Pa. June

3

27, 2006) (citing Boughner v. Secretary of Health, Education & Welfare, 572 F.2d 976, 978 (3d Cir. 1978)).

V.      **DISCUSSION**

      A.      *Timeliness of Plaintiff's Motion*

FED. R. CIV. P. 60(c)(1) provides, "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of final judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). And "Section 6 may not be used at a catchall to avoid the one-year limitation." Gambocz v. Ellmyer, 438 F.2d 915, 917 (3d Cir. 1971).

Plaintiff's counsel did not file this Motion within a reasonable time. The Order dismissing this action with prejudice was entered on March 9, 2020. (ECF 14.) Plaintiff filed this Motion on August 4, 2021, nearly seventeen (17) months after the Order was entered. (See ECF 15.) Plaintiff argues Rule 60(c) "indicat[es] that a reasonable time may be more than one year following the final order." (ECF 15 at 4) but Plaintiff does not provide any case law in which a "reasonable time" was held to be seventeen (17) months after the final order was entered.

Plaintiff's counsel blames the Motion's tardiness on the COVID-19 pandemic, arguing "the global health crisis . . . led to the delay in filing this motion." (ECF 15 at 2.) The COVID-19 pandemic does not excuse the Motion's tardiness. Courts were open and available to Plaintiff and her counsel at all times during the COVID-19 pandemic. Even if Plaintiff's counsel was, for some reason, unable to file the Motion in the early months of the pandemic, say in April or May 2020, Plaintiff's counsel was certainly able to file it before August 2021 to avoid an untimely or unreasonably late motion. Indeed, Plaintiff's counsel enjoyed the open doors of this Court during

the COVID-19 pandemic during which he initiated sixty (60) actions since March 2020. (ECF 16 at 6.)

Plaintiff's counsel also blames the Motion's tardiness on the fact that Plaintiff had a "good faith belief that there was a meeting of the minds" despite the reality that "there was no meeting of the minds as it pertained to release of potential claims." (ECF 15 at 2.). This reason does not make a seventeen-month delay reasonable because Plaintiff's counsel became aware of this alleged breakdown on September 17, 2020, almost one full year before the Motion was ultimately filed. (Compare ECF 16 Ex. G with ECF 15.) Plaintiff's counsel wrote to Defense counsel,

> The parties agreed to a settlement of $5,000. Your office drafted a release and forwarded it to me. It includes a release of any and all claims. I have presented it to my client; and the reason she is not signing it is because there is another settlement agreement that she had received prior to instituting the current lawsuit.

(ECF 16 Ex. G.) Plaintiff's counsel provides no legitimate explanation for his decision to allow eleven (11) months to pass from the time at which he became aware the parties may not have been in complete agreement as to the scope of the claims covered by the settlement to the time the Motion was filed. Plaintiff's delay is unreasonable and, accordingly, the Motion is untimely.[1]

### B. Merits of Plaintiff's Motion

Even if Plaintiff had timely filed this Motion, the Motion does not contain the merit needed to justify 60(b)(6) relief.

---

[1] The Court does not take pleasure in holding parties accountable for the errors of their counsel, but that result is unavoidable here. In the Rule 60(b) context,
> [t]here is no merit to the contention that dismissal of petitioner's claim because of [her] counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as [her] representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent.

Pioneer, 507 U.S. at 396–97. Plaintiff's counsel filed the Motion well after the one-year time limitation and does not provide any legitimate reason for that delay, nor does he reply to Defendant's arguments that his tardiness lacks justification. So, the Court is left to presume the Motion's tardiness was due to counsel oversight. Unfortunately for Plaintiff, she must be held accountable for the acts of her counsel.

1. <u>Faultless Delay</u>

"To justify relief under 60(b)(6), the party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay. If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." <u>Pioneer</u>, 507 U.S. at 393 (internal citations omitted). The movant must show that absent 60(b)(6) relief, an "extreme" and "unexpected" hardship will result. <u>Stitzel</u>, 2006 WL 1805972, at *7.

First, Plaintiff is not faultless in the delay. Plaintiff is plainly the cause of the Motion's delay. Plaintiff's counsel admitted his client is the party unwilling to execute the agreed upon settlement agreement because she seeks to renegotiate the number of claims that will be bound by it. (<u>See</u> ECF 16 Ex. G.) Plaintiff refuses to sign the settlement agreement. Plaintiff refuses to sign it in the hopes that she can increase the number of claims that will be bound by the agreement from the number she explicitly agreed would be bound (one) in March 2020. And Plaintiff seeks more money from Defendant than the amount to which Plaintiff explicitly agreed and notified the Court of in March 2020. For those reasons, Plaintiff is not "faultless in the delay." Plaintiff *is* the delay.

The COVID-19 pandemic does not make Plaintiff's delay in filing the Motion faultless because this Court and the electronic filing system were available and operable at all times during the pandemic. Plaintiff's "good faith belief that there was a meeting of the minds" also does not excuse her delay because Plaintiff's counsel became aware of the disagreement regarding the release on September 17, 2020, eleven months before the Motion was filed. Accordingly, Plaintiff failed to show extraordinary circumstances suggesting Plaintiff is faultless in the delay.

2. <u>Extreme and Unexpected Hardship</u>

Second, Plaintiff has not shown that an "extreme" and "unexpected" hardship will befall her if the Order is not vacated.

> Although the text of Rule 60(b)(6) states simply that a court may grant relief from a final judgment for 'any other reason that justifies relief,' courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment . . .. We have explained that a showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an extreme and unexpected hardship will result.'

Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).

Plaintiff argues denial of the Motion will "deprive Plaintiff of an opportunity to resolve the matter on the merits."[2]  (ECF 15 at 3.)  And because there is no executed settlement agreement between the parties, "Defendant could withdraw from settlement negotiations barring Plaintiff any relief for the expected settlement" and "Plaintiff would [] be precluded from initiating a breach of contract action to enforce the agreement."  (ECF at 4–5.)

Defendant argues Plaintiff's Motion is nothing more than a garden-variety attempt to renege on the parties' valid settlement so that Plaintiff can renegotiate its terms.  (ECF 16 at 7–8.)

The Court rejects Plaintiff's first argument—that the Order must be vacated to avoid allowing Defendant to renege upon the parties' settlement—because it is speculative.  Plaintiff's counsel assented to the terms of the settlement on Plaintiff's behalf (see ECF 16 Ex. A) and agreed to notify the Court of the settlement before the parties executed a settlement agreement. (ECF 15 at 3–4.)  Plaintiff does not allege any defects in Plaintiff's assent to either the settlement itself or

---

[2] This inability is not an extreme or unexpected hardship.  A party's inability to subsequently resolve the matter at hand is the very expected consequence of case dismissal with prejudice.  Plaintiff's counsel knew the case was dismissed pursuant to Local Rule 41.1(b) because he was copied on the letter notification to the Court.  (See ECF 16 Ex. B.)  Thus, Plaintiff's counsel was always aware this matter was dismissed with prejudice; the fact that Plaintiff cannot presently "resolve the matter on the merits" is a condition Plaintiff's counsel explicitly agreed to when he agreed to notify the Court of the 41.1(b) dismissal.  (See ECF 16 Ex. A.)

to Defense counsel's offer to notify the Court of the settlement.  Plaintiff's counsel did not need to notify the Court of the parties' settlement before he reviewed a printed copy of the settlement agreement. The Motion does not allege Plaintiff was under any form of duress when Plaintiff's counsel agreed to notify the Court of the settlement, nor does the Motion allege Defendant obtained her consent through fraud or any other defective methodology.  Plaintiff's counsel's fear that Defendant may walk away from the proverbial table is speculative and unfounded in fact.  Accordingly, the fact that Plaintiff's counsel agreed to notify the Court before reviewing and executing a printed settlement agreement is not an "unexpected hardship" sufficient to justify Rule 60(b)(6) relief.

     Plaintiff's second alleged hardship—that "Plaintiff would [] be precluded from initiating a breach of contract action to enforce the agreement"—is equally unpersuasive. (ECF 15 at 4–5.) First, Plaintiff is the party unwilling to execute a printed copy of the agreed upon settlement agreement.  (See ECF 16 Ex. G.)  Second, alleged defects in the settlement agreement do not disturb the validity of the Order.  Plaintiff hired counsel.  Plaintiff's counsel received a legitimate settlement offer from Defense counsel.  (See ECF 16 Ex. A.)  Plaintiff's counsel accepted this offer on behalf of Plaintiff.  (Id.)  Defense counsel confirmed the scope of the settlement agreement, writing "this confirms Defendant's offer and Plaintiff's [] acceptance of $5,000 *to resolve this matter*."  (ECF 16 Ex. A.) (emphasis added).  Plaintiff's counsel confirmed the scope of the agreement.  (Id.)  The fact that six months later, Plaintiff sought to renegotiate the scope of the parties' agreement to include additional claims (see ECF 16 Ex. G) does not negate the validity of the March 9, 2020 settlement as to this claim.  Because the Order is based on the March 9, 2020 settlement alone, the validity of the Order is undisturbed by subsequent attempts to renegotiate. See Makenta v. Univ. of Pa., 1998 WL 964183, *1 (E.D. Pa. Dec. 1, 1998) (arguing for Rule

60(b)(6) relief, Plaintiff states after settlement conference and case dismissal, Defendant sent Plaintiff draft settlement agreements that went beyond scope of parties' oral agreement. Denying Plaintiff's motion, Court held Plaintiff's decision not to sign written agreement does not eradicate earlier oral agreement to dismiss case and does not constitute extreme or unexpected hardship).

### VI.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Relief from a Final Order Pursuant to Fed. R. Civ. P. 60(b)(6) is DENIED. An appropriate Order follows.